NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARKIS MANUKYAN,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4732<br><br>Agency No.<br>A071-043-305<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2025**
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.***

Sarkis Manukyan petitions for review of the Board of Immigration Appeals'

("BIA") order affirming the immigration judge's ("IJ") order denying his

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable P. Casey Pitts, United States District Judge for the
Northern District of California, sitting by designation.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition.

1.      Substantial evidence supports the agency's denial of withholding of removal.[1] Although "[a] finding of past persecution triggers a regulatory presumption that the applicant's life or freedom would be threatened if deported," *Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021) (quoting *Korablina v. INS*, 158 F.3d 1038, 1046 (9th Cir. 1998)), the Government may rebut that presumption by showing "by a preponderance of the evidence" that "[t]here has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened" on account of a protected ground, 8 C.F.R. § 1208.16(b)(1)(i), (ii). Even assuming Manukyan has demonstrated that he experienced past persecution on account of his political opinion during his trip to Armenia in 2008, substantial evidence supports the BIA's determination that there has been a "fundamental change in circumstances" brought about by the 2018 "Velvet Revolution." The record evidence does not compel the conclusion that

---

[1] Manukyan does not argue that the BIA erred in determining he is ineligible for asylum, so we do not address this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Manukyan would be targeted on account of a protected ground by the current Armenian government. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

2. Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture ("CAT"). The record does not compel the conclusion that Manukyan is likely to endure acts "specifically intended to inflict severe physical or mental pain or suffering" at the hands of the Armenian government, or with its acquiescence, if he returns to Armenia. *Acevedo Granados v. Garland*, 992 F.3d 755, 764–65 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(5)). Manukyan argues that "the IJ improperly placed the burden on the petitioner," but it is the applicant's burden to show he "would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Manukyan also argues that the "credible and repeated death threats" he received while in Armenia show that he is likely to face torture if he returns, but he has cited to (and we are aware of) no record evidence showing that he experienced death threats while in Armenia.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.